UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARIO RODRIGUEZ,

    Plaintiff,

v.   Case No. 4:19cv191-RH-HTC

MARK S. INCH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Centurion of Florida, LLC's ("Centurion") motion to dismiss (ECF Doc. 30) and Defendant Mark S. Inch's ("Inch") motion to dismiss (ECF Doc. 37). Upon careful review, and for the reasons set forth below, the undersigned respectfully recommends the motions be GRANTED and the case be dismissed.[1] Notably, Plaintiff is a three-striker under 28 U.S.C. § 1915(g), failed to disclose his prior litigation history, and failed to exhaust his claims as to these Defendants.

---

[1] The grounds on which the undersigned finds dismissal to be appropriate – namely, Plaintiff's status as a three-striker and Plaintiff's failure to disclose his litigation history – are equally applicable to the unserved defendants. Thus, the claims as to them should also be dismissed. *See Escobar v. Crosby*, 363 F. Supp. 2d 1361, 1366 (S.D. Fla. 2005) (noting dismissal of prisoner's claims against unserved defendants was appropriate based on both the prisoner's failure to effect timely service under Fed. R. Civ. P. 4(m) and his failure to exhaust administrative remedies).

I. **BACKGROUND**

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") currently incarcerated at Santa Rosa Correctional Institution, brings this action under 42 U.S.C. § 1983. Plaintiff filed this action in April 2019 and was granted *in forma pauperis* status in May 2019. Plaintiff's sues five (5) defendants: Centurion, Secretary Inch[2], Dr. Faramarz Behzadi; B. Gloria; and Dr. E. Perez-Lugo for deliberate indifference to a medical need in violation of the Eighth Amendment.[3] ECF Doc. 1 at 1-2. Specifically, Plaintiff alleges he has had a hernia since at least 2015, and Defendants prevented him from receiving surgery to repair the hernia.

Although Plaintiff acknowledges that the Defendant doctors, including a surgeon, determined that surgery was not necessary, he disagrees with their assessments and believes that they were falsely made.[4] He also alleges that the FDOC's medical provider, Centurion, "has a policy, practice, and custom of not providing medically necessary corrective surgeries to repair hernias, in part to save costs and make larger profits from its contract with the [FDOC]." ECF Doc. 1 at 6.

---

[2] Secretary Inch was automatically substituted for Julie Jones pursuant to Fed. R. Civ. P. 25(d). *See* ECF Doc. 16.
[3] Defendants Dr. Behzadi, B. Gloria, and Dr. Perez-Lugo have not been served.
[4] Plaintiff's sole allegation against Defendant B. Gloria, who he identifies as the "Secretary" to the general surgeons, is that she falsely included in a consultant's report that he refused to sign the consultation form, when she never asked him to do so.

Additionally, he alleges that Defendant Dr. Perez-Lugo told him that Centurion had a policy of not prescribing pain medication for hernia patients.

As to Inch, Defendant alleges the Secretary "created a policy and practice of permitting medical grievances regarding Centurion refusing to follow the [Health Services Bulletin][5] to be 'rubber stamped.'" ECF doc. 1 at 8. The wrongful conduct alleged in Plaintiff's complaint occurred at Union Correctional Institute, where he saw Dr. Perez-Lugo, and Reception and Medical Center in Lake Butler, where he saw Dr. Behzadi.

## II. DISCUSSION

Centurion and Inch move for dismissal on several grounds.[6] For purposes of this report and recommendation, however, the undersigned addresses only (1) Plaintiff's failure to disclose his prior litigation history; (2) Plaintiff's status as a three-striker under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g); and (3) Plaintiff's failure to exhaust, as those grounds are dispositive of this matter.

---

[5] Plaintiff alleges that there is a new FDOC Procedure Directive which requires patients presenting with a hernia to be referred to a surgeon and the recommendation of the surgeon to not be unreasonably refused. ECF Doc. 1 at 7-8.

[6] Although Defendants filed their motions to dismiss in September and October 2019, Plaintiff did not file his responses until February 2020, after requesting and being granted several extensions of time.

Case No. 4:19cv191-RH-HTC

### A.   Failure to Disclose

Plaintiff's complaint, while not on this Court's form, includes all the components of this Court's official civil rights complaint form for prisoners in 42 U.S.C. § 1983 actions. ECF Doc. 1. At the end of the complaint form, Plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT." *Id.* at 9 (emphasis in original). Despite that declaration, Plaintiff made several false representations on the complaint.

Section IV.C of the complaint, titled "Previous Lawsuits," asks: "Have you initiated other actions [in] federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong?" and section IV.D asks, "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" *Id.* at 3-4. The form requires Plaintiff to identify and describe "each and every case" responsive to the questions. *Id.*

Although Plaintiff checked "Yes" in response to both questions, he disclosed only that he "filed something in 2003" that "was dismissed for failure to state a

claim." *Id.* Thus, Plaintiff swore that, at the time he filed his complaint, he had filed only one (1) federal case in 2003 related to the fact or manner of his incarceration or the conditions of his confinement. Plaintiff's representation to the Court, however, was not accurate. To the contrary, at the time Plaintiff filed his complaint, Plaintiff had filed at least six (6) prior federal cases and one (1) appeal relating to the conditions of his confinement, including at least one (1) that was dismissed as malicious for failure to disclose prior litigation.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete its complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation in this case, the undersigned discovered that Plaintiff had filed under his name and FDOC Registration Number 386206 at least the following prior federal actions, many of which were dismissed as frivolous, malicious, failing to state a claim, or prior to service:

> *Rodriguez v. Schwartz, et al.*, 3:04cv177 (N.D. Fla.) (§ 1983 action dismissed as malicious for abuse of the judicial process for failure to disclose complete litigation history and identifying Case Nos. 8:99cv1051, 3:99cv90, and 3:96cv966 as additional actions filed by Plaintiff)
>
> *Rodriguez v. Manatee County Rural Health Services, et al.*, 8:99cv1051 (M.D. Fla.) (§ 1983 action dismissed for failure to state a claim)

Case No. 4:19cv191-RH-HTC

> *Rodriguez v. Wall, et al.*, 3:99cv90 (M.D. Fla.) (§ 1983 action dismissed for failure to exhaust administrative remedies)
>
> *Rodriguez v. Greene*, 4:96cv416 (N.D. Fla.) (§ 1983 action dismissed pursuant to Plaintiff's notice of voluntary dismissal)
>
> *Rodriguez v. Greene, et al.*, 3:96cv966 (M.D. Fla.) (§ 1983 action dismissed prior to service)
>
> *Rodriguez v. Singletary, et al.*, 3:96cv1240 (M.D. Fla.) (§ 1983 action dismissed for failure to comply with a court order)
>
> *Rodriguez v. Wall, et al.*, 0:99usca11429 (11th Cir.) (dismissing appeal from 3:99cv90 for failure to prosecute)

Plaintiff did not disclose these federal actions despite the clear questions on the complaint. The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff falsely responded to questions on the complaint, as detailed above. Plaintiff knew from reading the complaint that disclosure of *all* prior civil cases was required. The complaint expressly warns prisoners: "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." ECF Doc 1 at 2 (emphasis in original). Indeed, Plaintiff appears to

continue to express ignorance as to these cases by failing to acknowledge them in his response to Defendants' motions to dismiss and instead indicating that he has complied with his disclosure obligations by disclosing the sole 2003 action.

Plaintiff's explanation, however, is insufficient because this is not the first time Plaintiff has been admonished by a court for failure to disclose all his prior cases. As stated above, the court in *Rodriguez v. Schwartz, et al.*, Case No. 3:04cv177 (N.D. Fla.), dismissed Plaintiff's action on the same ground. Thus, Plaintiff was clearly on notice that he was required to disclose *all* prior litigation when filling out his civil rights complaint. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false responses to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

### B. The PLRA's Three-Strike Rule

As an additional ground for dismissal, Plaintiff is a three-striker who is barred from proceeding *in forma pauperis*. Under the PLRA, a prisoner is not entitled to proceed *in forma pauperis* if he has had three (3) or more prior cases dismissed for failure to state a claim or as frivolous or malicious *unless* he can show that he under imminent danger of serious physical injury. The statute specifically provides:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

As stated above, Plaintiff failed to disclose his complete litigation history to the Court when he initiated this action. Included in the cases Plaintiff failed to disclose are at least three (3) cases that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Those cases are: (1) Case No. 3:04cv177 (dismissed for abuse of the judicial process); (2) Case No. 8:99cv1051 (dismissed for failure to state a claim); (3) Case No. 3:99cv90 (dismissed for failure to exhaust administrative remedies); and (4) Case No. 3:96cv1240 (dismissed for failure to comply with a court order). *See Rivera v. Allin*, 144 F.3d 719, 731-32 (11th Cir. 1998) (holding that cases dismissed for abuse of the judicial process, failure to state a claim, or lack of exhaustion are

properly classified as strikes); *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1543-44 (11th Cir. 1993), *cert denied*, 510 U.S. 863 (1993) (holding that failure to comply with court orders constitutes abuse of the judicial process).

A prisoner who is barred from proceeding *in forma pauperis* under § 1915(g) must pay the filing fee at the time he initiates his lawsuit. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). Plaintiff, however, did not do so. Thus, the proper procedure is to dismiss the action. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

The only exception to the three-strike rule is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). Plaintiff, however, has not done so here. Rather, his claims of wrongdoing are for past conduct that occurred at institutions in which he is no longer confined. For example, Plaintiff alleges that "[a]t Union Correctional Institution and Reception and Medical Center, they talked

to each other and plan[n]ed on how to keep from treating me with medically necessary surgery."  ECF Doc. 1 at 7.

Plaintiff's alleged need for a hernia surgery is insufficient to establish imminent danger of serious physical injury because such need has not been established.  *See Johnson v. Jones*, 2017 WL 8772150, at *2 (M.D. Fla. Dec. 20, 2017) (holding "[p]laintiff's vague allegations about denial of a hernia surgery" and pain resulting from the hernia "insufficient to support a finding of imminent danger" because "[n]othing in the Complaint or attached Exhibits support a finding that he is in imminent danger of serious physical injury stemming from that injury"); *Breach v. Prison Health Servs., Inc.*, 2007 WL 951747, at *4 (M.D. Ala. Mar. 27, 2007) (holding plaintiff's "mere lay conjecture that surgery on his hernia is medically necessary" insufficient to satisfy the imminent danger exception to the three-strikes provision, even where plaintiff alleged the hernia was painful).

Similarly, Plaintiff's allegation that an unnamed doctor told him he needed hernia surgery is also too conclusory to establish imminent danger, particularly when Plaintiff acknowledges that the Defendant Doctor and Surgeon found otherwise.  *See Johnson*, 2017 WL 8772150, at *2 (finding plaintiff's allegation that an unnamed doctor ordered a surgery too conclusory to support a finding of imminent danger, particularly where "[p]laintiff offer[ed] no details in support of his conclusory

allegation, such as the name of the doctor who allegedly recommended surgery, the nature of the surgery, the diagnosis, or the nature of the harm he suffers currently").

The fact that the Court previously granted Plaintiff *in forma pauperis* status does not change the propriety of a dismissal. The language of § 1915(g) is mandatory: "**in no event** shall" Plaintiff proceed *in forma pauperis* if he has, while incarcerated or detained, filed three (3) or more prior cases which count as strikes. Moreover, the Court may revoke *in forma pauperis* status at any time if it becomes convinced the complaint is frivolous or malicious. *Gentile v. Missouri Dept. of Corr. and Human Resources*, 986 F.2d 214, 217 (8th Cir. 1993). Any other result would only encourage plaintiffs to not disclose their prior cases in hopes that the courts do not find them.

Indeed, the undersigned recommends that Plaintiff's *in forma pauperis* status be revoked. *See e.g., Gentile v. Missouri Dep't of Corr. & Human Res.,* 986 F.2d 214, 217 (8th Cir. 1993) ("if the Court becomes convinced at any time that the complaint is frivolous or malicious, it may revoke *in forma pauperis* status and dismiss the complaint under 28 U.S.C. § 1915(d)"). "In deciding whether to revoke plaintiff's IFP status, the Court considers 'the number, content, frequency, and disposition of [his] previous filings to determine if there is a pattern of abusing the IFP privilege in his litigation history.'" *Ruston v. U.S. Secret Serv.*, 751 F. Supp. 2d 59, 61 (D.D.C. 2010), citing *Butler v. Department of Justice,* 492 F.3d 440, 446 (DC

Cir. 2007). "Leave to proceed [IFP] is a privilege, not a right. Courts have the discretion to revoke that privilege when it no longer serves its goals." *Lewis v. Burger King*, 398 F. App'x 323, 326 (10th Cir. 2010), quoting *Treff v. Galetka,* 74 F.3d 191, 197 (10th Cir. 1996) (citation omitted).

Therefore, because Plaintiff has had more than three (3) prior qualifying dismissals, has not alleged facts sufficient to demonstrate that he is under imminent danger of serious physical injury, and has not paid the requisite filing fee, this action should be dismissed without prejudice. *See Dupree*, 284 F.3d at 1236; *Vanderberg*, 259 F.3d at 1324. Because the undersigned is recommending a dismissal without prejudice, Plaintiff may reassert these claims in a new filing, in which he fully discloses his litigation history, accompanied by the requisite filing fee.[7] Moreover, requiring Plaintiff to do so is not prejudicial to Plaintiff, as no discovery has been undertaken in this action and no scheduling orders entered, given the pending motions to dismiss.

---

[7] The statute of limitations for Plaintiff's deliberate indifference claim is four (4) years. *See Barcelona v. Fogelgren*, 664 F. App'x 884, 886 (11th Cir. 2016). Although Plaintiff alleges he first saw Dr. Perez-Lugo in December 2015, and was not prescribed any pain medication, he did not see Dr. Behzadi until November 2016 and had his last visit with Dr. Behzadi, when she once again found no surgery to be necessary, in February 2018. Additionally, Plaintiff alleges that in 2018, employees of Dr. Perez-Lugo wrongfully scheduled two (2) appointments for Plaintiff on the same date to keep him from meeting those appointments, one of which he claims was to a cardiologist and which was a prerequisite for hernia surgery.

Case No. 4:19cv191-RH-HTC

## C. Failure to Exhaust

Even if Plaintiff was not a three-striker, which he is, or had not falsely represented his litigation history to the Court, which he did, Defendants Centurion and Inch would still be entitled to a dismissal because Plaintiff has failed to exhaust his administrative remedies against them.

Under the PLRA, "[n]o action shall be brought . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Additionally, a prisoner must exhaust his administrative remedies as to *each claim* and *each party* set forth in his complaint. *See Martinez v. Minnis*, 257 F. App'x 261, 265 n. 5 (11th Cir 2007). The grievance procedures promulgated by the FDOC generally require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary. *See* Fla. Admin. Code r. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010). For complaints regarding medical treatment, an inmate may bypass the informal grievance step. *See* Fla. Admin. Code r. 33-103.005(1).

The defense of failure to exhaust should be treated as a matter in abatement. *See Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although

it is not a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008), quoting *Bryant*, 530 F.3d at 1374. Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss or be treated as such if raised in a motion for summary judgment." *Bryant*, 530 F.3d at 1374-75 (citation and internal quotation omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two (2) steps. *See Turner*, 541 F.3d at 1082. "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.*, citing *Bryant*, 530 F.3d at 1373-74.

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*, citing *Bryant*, 530 F.3d at 1373-74, 1376. "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.*, citing *Jones v. Bock*, 549 U.S. 199, 216 (2007). "Once the court makes findings on the disputed issues of fact, it then decides whether

under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083.

Centurion submitted Plaintiff's grievances with its motion to dismiss. ECF Doc. 30-3. A review of those grievances demonstrates that, although Plaintiff has an extensive history of grieving various medical needs (such as medication for a sciatic nerve issue and treatment for Hepatitis-C), Plaintiff has not filed any grievances related to the claims he raises here against Centurion and Inch. There are no grievances in which Plaintiff alleges Centurion had a custom and policy of not providing hernia surgeries. There are also no grievances in which Plaintiff alleges the Secretary had a custom and policy of allowing Centurion to ignore surgery recommendations.[8] Instead, as it relates to Plaintiff's hernia, Plaintiff's grievances were limited to (1) complaints about not getting a hernia belt until he utilized sick call to receive a pass for it; (2) the scheduling of his cardiology consultation at the same time as an ultrasound; and (3) Dr. Behzadi's determination that he did not need a hernia surgery. *See id.*

In his response to Centurion's motion to dismiss, Plaintiff addresses the failure to exhaust by stating that he "did exhaust the administrative remedies" and referring to Exhibits A(1)-(5). ECF Doc. 48 at 1. Those exhibits, however, are the

---

[8] As stated above, although Plaintiff alleges Centurion failed to follow the HSB, he admits that he was referred to a surgeon and further admits that the surgeon did not recommend surgery.

Case No. 4:19cv191-RH-HTC

same grievances referenced above. Those grievances show that Plaintiff never complained about any custom or policy by Centurion or Inch. To the contrary, when Plaintiff complained about Dr. Behzadi's denial, he asked for a second opinion, which would be contrary to Plaintiff's claims of a "custom or practice" of denying referrals to surgeons or refusing surgery recommendations. *Id.* at 16. In fact, the grievances undermine Plaintiff's claim of any wrongful custom or practice, as the Warden approved Plaintiff's grievance for a consult to be submitted to the cardiologist for clearance for a referral to the general surgeon. ECF Doc. 48 at 20.

Because Plaintiff has failed to exhaust his administrative remedies as to Centurion and Inch, his claims against them are subject to dismissal on this additional ground. *Bracero v. Secretary, Florida Dept. of Corrections*, 748 F. App'x 200, 201 (11th Cir. 2018) ("failure to exhaust administrative remedies requires that the action be dismissed"), citing *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).

## III. CONCLUSION

Accordingly, it is respectfully RECOMMENDED, that:

1. Rodriguez's *in forma pauperis* status be REVOKED and the Order at ECF Doc. 7 be VACATED.[9]

---

[9] Plaintiff was granted *in forma pauperis* status on May 30, 2019 (ECF Doc. 7) and has made some payments toward the $350.00 filing fee. If this Report and Recommendation is adopted, the

2. Defendants' motions to dismiss (ECF Docs. 30, 37) be GRANTED.

3. This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(g).

4. The clerk be directed to close the file.

At Pensacola, Florida, this 6th day of May, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

---

undersigned will enter a separate order advising the FDOC that Plaintiff is not responsible for paying the filing fee for this case and will order any amounts already paid to be reimbursed to Plaintiff's inmate account.